# CIRCUIT COURT OF THE CITY OF RICHMOND

Frances Broaddus Crutchfield
and Henry Ruffin Broaddus

v.

State Water Control Board,
Department of Environmental Quality,
and Hanover County

March 15, 2001

Case No. HK-1193

BY JUDGE MELVIN R. HUGHES, JR.

This case is an appeal from a decision of a Virginia administrative agency.

On April 28, 1999, the State Water Control Board granted to Hanover County, Virginia, a Virginia Pollution Discharge Elimination System permit. The permit allows Hanover County to discharge wastewater into the Pamunkey River from a planned outfall structure for the planned Totopotomoy Wastewater Treatment Plant.

The proposed plant will be located on a 128 acre tract of land. The proposed discharge structure will be located approximately eight miles from the plant on Newcastle Farm, owned by the petitioners. The wastewater will be transported from the plant to the discharge structure through a buried thirty-six inch diameter pipe, part of which will cross petitioners' land.

Both sides agree that the Pamunkey River, below the discharge site, has experienced problems with dissolved oxygen levels falling below standards set for the river. The wastewater that is discharged contains oxygen demanding pollutants which can contribute to low dissolved oxygen levels.

In January 1999, the Board held a public hearing on the County's then pending application. Petitioners attended the meeting and presented information for Board consideration. In February 1999, petitioners submitted additional comments in writing. The following April the board issued the

permit which allows the County to discharge up to ten million gallons per day of wastewater into the Pamunkey River.

The parties have addressed all the relevant issues pertinent to court review of an administrative decision. They do not disagree on the standard of review; rather, they disagree on what exactly is being reviewed. Both sides have cited the Virginia Supreme Court: "An agency's factual findings should only be rejected if 'considering the record as a whole, a reasonable mind would necessarily come to a different conclusion'." *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 268-269 (1983).

Petitioners claim that because they allege that the Board was required to make certain findings but failed to do so that the court is reviewing a question of law. Respondents state that petitioners did not plead that the Board failed to make required findings. They argue, therefore, that by bringing that argument up now, petitioners are trying to disguise and muddle what is essentially a lack of substantial evidence claim in order to assert a less stringent standard of review.

Specifically petitioners claim that the permit must be set aside because the Board did not make the proper findings regarding the dissolved oxygen levels in the river, because the board did not find that existing recreational uses of the river such as swimming, fishing, canoeing, and nature observation would be protected, and because the Board did not find that the use of the river by anadromous fish would be protected. The petitioners further assert that the record contains no substantial evidence that would support such findings.

Notwithstanding the question of whether substantial evidence is in place or whether the agency acted in accordance with law, *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242 (1988), the issue of standing asserted by respondents on demurrer and reasserted now on the merits is determinative.

In May 2000, the court decided against the respondents on demurrer which in part asserted that petitioners could not maintain this appeal because they had no standing. The court overruled on the basis of a letter attached to the petition for appeal which contained allegations of damage to historic sites on petitioner's property.

The petition alleges three categories of injury: injury to plant and animal life, injury to the public's recreational use of their property which borders the Pamunkey, and injury to certain historic attributes of Newcastle Farm.

Standing under Va. Code § 62.1-44.24 in the State Water Control Law relating to that law's definition of "owner" provides as pertinent here:

*Judicial Review* — Any owner aggrieved by, or any person who has participated, in person or by submittal of written comments, in the

> public comment process related to, a final decision of the Board . . . is entitled to judicial review thereof . . . if such person meets the standard for obtaining judicial review of a case or controversy pursuant to Article III of the United States Constitution . . . A person shall be deemed to meet such standard if (i) such person has suffered an actual or imminent injury which is an invasion of a legally protected interest and which is concrete and particularized; (ii) such injury is fairly traceable to the decision of the Board and not the result of the independent action of some third party not before the court; and (iii) such injury will likely be redressed by a favorable decision by the court.

*See also Mattaponi Indian Tribe v. Commonwealth,* 261 Va. 366 (2001).

Petitioners own the land known as Newcastle Farm, which borders the Pamunkey River. The discharge structure is proposed to occupy part of petitioners' land and the underground pipe described above will cross part of it. Newcastle Farm contains a portion of Marlbourne and the Newcastle archeological site. Marlbourne is the former Edmund Ruffin Plantation. It has been listed on the National Historic Landmark registry since 1964 and on the Virginia Landmarks Register since 1969. Petitioner Broaddus owns, and petitioner Crutchfield has a dower interest in, a strip of the Marlbourne property. Neither has an interest in any of the structures located on the former plantation. The depositions of the petitioners of record reveal that a cultural resource study concluded the project will not have an effect on the location, setting, or use that contributes to Marlbourne's significance. Crutchfield asserts that the sight and smell of the discharge facility will harm her enjoyment of the historic resources even if the discharge is of the quality of drinking water. The court finds that standing, although sufficiently alleged, has not been proved. Whatever injury petitioners claim, such claims only amount to what respondents have aptly described as an "abstract distress," not sufficient to pass muster for standing under the rules described. See *Friend of the Earth v. Gaston Cooper Recycling,* 204 F.3d 149 (4th Cir. 2000). The record is devoid of any actual or imminent injury in the other two categories of injury the petitioners have listed as well.

So, the court finds that the petitioners' sole averment of harm to historic sites and on which petitioners were allowed to proceed on the issue of standing has not been borne out by the record on review. Petitioners' objection to the issuance of any permit with any effluent limits cannot be harm traceable to the Board's decision because the decision came with limitations. Thus,

petitioners lack standing under the relevant factors for standing and their appeal shall be dismissed.

Mr. John R. Butcher is directed to prepare and submit for entry an appropriate order upholding the agency's decision in this case which notes petitioners' exceptions.